UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUENTIN JONES,

        Petitioner,                              Case Number 08-12254
                                                        Honorable David M. Lawson

v.

BLAINE LAFLER,

        Respondent,
_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Quentin Jones, presently confined at the Saginaw Correctional Facility in Freeland, Michigan has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions of two counts of first-degree murder and one count of possession of a firearm in the commission of a felony. After a jury in the Wayne County, Michigan circuit court found him guilty of these crimes, the petitioner was sentenced to life in prison without parole on the murder convictions and two years imprisonment on the firearm conviction. The petitioner now alleges that he was deprived of his right to a fair trial when the court reporter failed to transcribe the contents of a recorded 911 call to the police that had been admitted as rebuttal evidence; the prosecutor used rebuttal evidence for improper purpose; the prosecutor failed to produce a *res gestae* witness for trial; and the petitioner's trial and appellate counsel were constitutionally ineffective.

The respondent answered the petition with a motion to dismiss, contending that the petition was not within the time limits set forth in 28 U.S.C. § 2244(d)(1). The Court agrees. The petition was filed out of time, and the late filing cannot be saved by the doctrine of equitable tolling. Therefore, the Court will dismiss the petition.

I.

The petitioner's jury trial in the Wayne County, Michigan circuit court concluded on November 5, 1999 with convictions of two counts of first-degree felony murder, two counts of first-degree premeditated murder, armed robbery, and possession of a firearm during the commission of a felony. The petitioner appealed his convictions to the Michigan Court of Appeals, which ordered that the judgment of sentence be modified to reflect that the two convictions for first-degree murder were supported by alternate theories, vacated the armed robbery conviction, and affirmed the remaining convictions. *People v. Jones,* No. 2002 WL 483430 (Mich. Ct. App. March 29, 2002). The petitioner then filed a delayed application for leave to appeal in the Michigan Supreme Court, which was denied on October 29, 2002. *People v. Jones*, 467 Mich. 895, 653 N.W. 2d 410 (2002). Sixteen months later, on March 16, 2004, the petitioner filed a post-conviction motion for relief from judgment in the state trial court, which was denied on May 19, 2005. The petitioner then filed an application for leave to appeal in the Michigan Court of Appeals, which was also denied. *People v. Jones*, No. 270387 (Mich.Ct. App. Nov. 26, 2006). The petitioner then filed an application for leave to appeal in the Michigan Supreme Court, which was denied as well on May 30, 2007. *People v. Jones*, 478 Mich. 869, 731 N.W. 2d 716 (2007). Almost a year later, on May 23, 2008, the petitioner filed his present habeas petition.

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, impose a one-year statute of limitations upon prisoners seeking relief from state court convictions via habeas corpus. The one year statute of limitation runs from the latest of:

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection." 28 U.S.C. § 2244(d)(2). Generally, a petition for a writ of habeas corpus will be dismissed where it has not been filed within the one-year statute of limitations period. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed thirteen days after the limitations period expired); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

As noted above, a judgment of conviction becomes "final" upon the conclusion of "direct review." 28 U.S.C. § 2244(d)(1)(A). Direct review includes the time for seeking relief from the United States Supreme Court, either by appeal or petition for writ of certiorari. *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007). In this case, the Michigan Supreme Court denied leave to appeal in the petitioner's direct appeal on October 29, 2002. The petitioner then had ninety days in which to seek a writ of certiorari from the United States Supreme Court. *See* Rule 13(1), Supreme Court Rules. He did not do so, and his conviction therefore became final on January 27, 2003. He had one

year from that date to file a federal habeas petition, excluding any time during which a properly filed application for state post-conviction or collateral review was pending. *See* 28 U.S.C. § 2244(d)(2). So the petitioner was required to take some action – either by filing a habeas petition in federal court or a time-extending post-conviction motion in state court – on or before January 27, 2004.

The petitioner filed his post-conviction motion for relief from judgment in state court on March 16, 2004, after the one-year limitations period had already expired. A state court post-conviction motion that is filed after the expiration of the limitations period will not trigger the tolling provision in 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F. 3d 717, 718 n. 1 (6th Cir. 2002); *see also Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003). Moreover, the AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F. 3d 515, 519 (6th Cir. 2001). The present petition therefore is untimely.

"Because AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Allen v. Yukins*, 366 F. 3d 396, 401 (6th Cir. 2004). In order to be entitled to equitable tolling, a habeas petitioner "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence*, 549 U.S. at 335 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).

The Sixth Circuit considers five factors to determine whether it would be appropriate to equitably toll the statute of limitations in a habeas case:

    (1) the petitioner's lack of notice of the filing requirement;
    (2) the petitioner's lack of constructive knowledge of the filing requirement;
    (3) diligence in pursuing one's rights;
    (4) absence of prejudice to the respondent; and,

>     (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap v. United States,* 250 F. 3d 1001, 1008 (6th Cir. 2001). The respondent contends that the five-factor test enunciated in *Dunlap* is no longer good law in light of the Supreme Court's adoption of the "extraordinary circumstances test" in *Lawrence*. That argument has proved unconvincing. *See Henderson v. Luoma,* No. 05-2542, 2008 WL 5046414, * 3 (6th Cir. Nov. 26, 2008) (unpublished) (continuing to use the five factors enunciated in *Dunlap* to determine whether equitable tolling is appropriate in the aftermath of *Lawrence*).

The doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner is not entitled to equitable tolling of the limitations period. *Id.* at 1010. A habeas petitioner bears the burden of establishing that he is entitled to equitable tolling of the one-year limitations period. *Jurado,* 337 F. 3d at 642. The one-year statute of limitations may also be equitably tolled by a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup*, 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his allegations of constitutional error "with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter*, 395 F. 3d at 590. The Sixth Circuit has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter*, 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The Sixth Circuit has emphasized the

Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Ibid.* (quoting *Schlup,* 513 U.S. at 321).

In the present case, the petitioner has failed to establish that the circumstances of his case warrant equitable tolling. He has not suggested ignorance of the filing deadlines, he has offered no excuse for filing his petition in the Court late, and he has offered no reason for his failure to learn of the timeliness requirements of the habeas statute. There is no reason the Court can discern from the record that would excuse the late filing in this case. Likewise, the petitioner cannot rely on the actual innocence tolling exception enunciated in *Schlup* because he has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F.3d 552, 556 (6th Cir. 2005). Therefore, his petition must be dismissed as untimely.

### III.

The Court concludes that the petitioner has failed to file his petition for a writ of habeas corpus within the one-year limitations period established by 28 U.S.C. § 2244(d). The Court finds that the petitioner has not established that he is entitled to statutory or equitable tolling of the limitations period.

Accordingly, it is **ORDERED** that respondent's motion to dismiss [dkt # 5] is **GRANTED**.

It is further **ORDERED** that the petition for a writ of habeas corpus [dkt # 1] is **DISMISSED with prejudice**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: January 26, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 26, 2009

                                           s/Felicia Moses
                                           FELICIA MOSES